FILED
U.S. DISTRICT COURT
 DIV.
2011 FEB 16 AM 10: 32
CLERK R. Ou
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RICKY LAMAR HOGAN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV611-001

GEORGIA STATE PRISON;
STATE OF GEORGIA; and
GEORGIA DEPARTMENT
OF LAW,

    Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is currently being detained at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes under § 1915(g): (1) Hogan v. Georgia State Prison, CV699-65 (S.D. Ga. June 30, 1999) (dismissed for failure to state a claim); (2) Hogan v. Georgia State Prison, CV601-72 (S.D. Ga. Oct. 22, 2001) (dismissed as being frivolous); and (3) Hogan v. Dupree, CV603-57 (S.D. Ga. Nov. 19, 2003) (dismissed for failure to exhaust administrative remedies[1]).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff asserts that Defendants have conspired since 2003 and continuing to the present to assassinate him. Plaintiff contends that he is in imminent danger of serious physical injury at the hands of the Defendants due to his "medically documented[ ] heart and high blood pressure conditions and illnesses." (Doc. No. 1, p. 29).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff makes many of the same allegations that he did in Case Number CV604-074. In addition, the documents Plaintiff submitted, allegedly in support of his Complaint, appear to be related to Plaintiff's criminal prosecution and not any claims permissible under section 1983.

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint or at any time. Accordingly, the Court **VACATES** its January 10, 2011, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 16th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)